```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| JENNIFER PAGE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 03-6815 |
| THE TRUSTEES OF THE UNIVERSITY | : | |
| OF PENNSYLVANIA | : | |

**MEMORANDUM AND ORDER**

Fullam, Sr. J.                                           December 20, 2005

Defendant[1] has moved for summary judgment in this employment discrimination case. Because Plaintiff has not met her burden of establishing that any reasonable person in her circumstances would have resigned, I will grant the motion.

For purposes of the summary judgment motion, I have construed the disputed facts in the light most favorable to Plaintiff. However, to the extent Plaintiff alleges facts in her affidavit filed after oral argument that contradict statements given in her depositions, the affidavit will not be considered.

Ms. Page was employed for several years as a police officer for the University of Pennsylvania. In 2002, Plaintiff went on maternity leave. Upon her return in November of that

---

[1] In her complaint, Plaintiff names "Trustees of the University of Pennsylvania," "University of Pennsylvania," and "University of Pennsylvania Department of Public Safety" as Defendants. In its answer, The Trustees of the University of Pennsylvania states that it is a Pennsylvania non-profit corporation and that it is unaware of any separate entities named "University of Pennsylvania" or "University of Pennsylvania Department of Public Safety." As Plaintiff apparently does not dispute this, I will refer only to the one Defendant.

year, Plaintiff submitted a memorandum requesting "out of service" (personal) time to express breast milk and was granted two such breaks during her shift.  Plaintiff asserts that despite this permission, her supervisors refused to allow her to request a courtesy transport from her foot patrol to headquarters.  She protested and was assigned to a patrol closer to headquarters, but she alleges that her supervisor called for her on the radio and that she was interrupted in the locker room where she went to express milk.  Plaintiff contends this conduct violated the Pregnancy Discrimination Act.

    Plaintiff also has alleged race discrimination, asserting that her supervisor required her (but not white officers) to wear her cap while traveling from a patrol car to a building, allowed white officers to spend more time buying coffee at a convenience store, and checked on Plaintiff's whereabouts during lunch and personal breaks.  Plaintiff was also criticized for the manner in which she prepared time sheets, was briefly relieved of her firearm, and was assigned insignificant tasks (such as counting bicycles and arranging for other officers' shoes to be shined and the captain's official vehicle to be washed).  At the time she was assigned these tasks, Plaintiff was on limited duty, apparently because of a back injury unrelated to her pregnancy.  Defendant has shown that other officers on limited duty performed similar tasks, although no other officer was required to have

another officer's shoes shined.  Plaintiff also alleges that although she filed a complaint on December 16, 2002, she was not interviewed until January 6, 2002. Plaintiff resigned approximately two months after her return from maternity leave, on or about January 14, 2003.

In this case, as Plaintiff acknowledges, there is no direct evidence of discrimination.  There is insufficient indirect evidence from which a reasonable jury could conclude that Plaintiff's supervisors or fellow officers discriminated against her because of her race or gender or for a pregnancy-related condition.  On this last point, it is noteworthy that Plaintiff does not allege discrimination during her pregnancy.  Even if Plaintiff could establish discrimination, she cannot establish a constructive discharge.  Although Plaintiff alleges that some of the conduct complained of occurred before her maternity leave, her focus is on the short period between November 5, 2002, and January 14, 2003, after her return to work.  The offending behavior charged by Plaintiff during that time did not constitute "working conditions so intolerable that a reasonable person would have felt compelled to resign." Pennsylvania State Police v. Suders, 542 U.S. 129, —- (2004).  Also, Plaintiff barely gave Defendant an opportunity to respond.  The three-week delay between the complaint and the interview is not excessive given that it coincided with the end-of-year holidays; a reasonable

person would not assume that her complaint had been disregarded. The investigation was not completed because Plaintiff resigned less than a month after making her complaint.  Finally, Plaintiff cannot show a causal link between her workers compensation claim and the alleged retaliation.

An appropriate order follows.

```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| JENNIFER PAGE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 03-6815 |
| THE TRUSTEES OF THE UNIVERSITY | : | |
| OF PENNSYLVANIA | : | |

**ORDER**

AND NOW, this 20th day of December, 2005, upon consideration of Defendant's Motion for Summary Judgment, and the response thereto, and after oral argument,

IT IS hereby ORDERED that:

1. The Motion is GRANTED. Summary Judgment is entered IN FAVOR OF Defendants, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, UNIVERSITY OF PENNSYLVANIA, and UNIVERSITY OF PENNSYLVANIA DEPARTMENT OF PUBLIC SAFETY and AGAINST Plaintiff, JENNIFER PAGE.

2. All other motions are DISMISSED AS MOOT.

3. The Clerk is directed to mark the case CLOSED.

BY THE COURT:

/s/ John P. Fullam
      Fullam,    Sr. J.